STEUBEN COUNTY; Steuben County Board of Zoning Appeals; Roger Burlingame; William Hornbrook; August Kurtz, Jr.; William Bryan, as Members of the Board of Zoning Appeals; David O. Mann, Individually and on Behalf of Steuben County Waste Watchers; and June Fee, Appellants (Respondents Below),

v.

NATIONAL SERV–ALL, INC., Appellee (Petitioner Below).

No. 76A03–9002–CV–43.

Court of Appeals of Indiana, Third District.

July 23, 1990.

Allen N. Wheat, Wheat & Stout, Angola, for David O. Mann.

Harry W. Scott, M. Bruce Scott, DeVoss, Scott, Johnson & Baker, P.C., Decatur, for appellee.

HOFFMAN, Presiding Judge.

Respondent-appellant David O. Mann appeals the trial court's decision reversing the Steuben County Board of Zoning Appeals.

The facts relevant to this case disclose that on December 10, 1984 the Steuben County Board of Zoning Appeals (BZA) granted a special exception so that Apollo Disposal, Inc., the operator of the existing landfill, could use an adjoining 30.3 acres for landfill purposes. The BZA imposed the following conditions upon the grant of the special exception:

"[T]he new 30.3 acres will not be used for any dumping for a period of 10 years, also if the landfill comes under any County Ordinance 590 violation they will have 15 days to correct the violation or the 30.3 acres Special Exception will become null and void effective the 16th day of the violation."

No petition for writ of certiorari was ever filed challenging the BZA's ruling.

On July 3, 1986, Apollo conveyed title by deed to the landfill, including the 30.3 acre tract, to National Serv–All, Inc. This conveyance was made subject to "all restrictions, easements, covenants, zoning ordinances, rights-of-ways and public roads of record."

David O. Mann asked the BZA on August 12, 1988 to find the special exception null and void because of violations of the second condition. After considering presentations made at meetings on October 11, 1988 and November 7, 1988, the BZA voted to declare the special exception null and void due to violations of the second condition.

National Serv–All filed a petition for writ of certiorari on December 6, 1988 asking the trial court to remove the conditions which the BZA had imposed in granting the special exception in 1984 and to reverse the BZA's order declaring the special exception null and void. The trial court reversed the BZA finding that the second condition is void and unenforceable and that furthermore, there was no evidence produced to show any Ordinance 590 violations.

Four issues are dispositive of this appeal:
(1) whether David O. Mann lacked standing to invoke the authority of the BZA;
(2) whether the BZA had the power to impose the Ordinance 590 condition on the grant of the special exception;
(3) whether the Ordinance 590 condition applied only to violations committed on the 30.3 acres; and
(4) whether there was sufficient evidence to sustain the Board's findings that the Ordinance 590 condition had been violated for more than 15 days.

■ Initially there is a question as to whether David O. Mann had standing to invoke the authority of the BZA. However this issue is waived since it was not raised in petitioner's writ of certiorari as required by IND.CODE § 36–7–4–1003 (1988 Ed.). *See: Children's Home v. Area Planning Com'n* (1985), Ind.App., 486 N.E.2d 1048, 1052.

The BZA imposed the Ordinance 590 condition when it granted the special exception on December 10, 1984. No appeal was taken. National Serv–All did not challenge this condition until December 6, 1988. IND.CODE § 36–7–4–1003 (1988 Ed.) provides that any person aggrieved by a decision of a board of zoning appeals must present his verified petition to the trial court within 30 days after the date of the decision. This was not done.

■ National Serv–All is now seeking to collaterally attack the Ordinance 590 condition by claiming that the BZA lacked subject-matter jurisdiction to impose such a condition and that its decision is void and illegal. However upon a review of the Ordinance 590 condition, we find that the BZA was acting within its power and authority in ordering this condition.

The BZA is empowered by IND.CODE § 36–7–4–918.2 (1988 Ed.) to add reasonable conditions to the grant of a special exception. This statute reads:

"A board of zoning appeals shall approve or deny all:
(1) special exceptions;
(2) special uses;
(3) contingent uses; and
(4) conditional uses;

from the terms of the zoning ordinance, but only in the classes of cases or in the particular situations specified in the zoning ordinance. *The board may impose reasonable conditions as a part of its approval.* [Emphasis added.]"

The Indiana legislature has defined the purpose of local planning and zoning in IND.CODE § 36–7–4–201 (1988 Ed.):

"(b) The purpose of this chapter is to encourage units to improve the health, safety, convenience, and welfare of their citizens and to plan for the future development of their communities to the end:
(1) that highway systems be carefully planned;
(2) that new communities grow only with adequate public way, utility, health, educational, and recreational facilities;

(3) that the needs of agriculture, industry, and business be recognized in future growth;

(4) that residential areas provide healthful surroundings for family life; and

(5) that the growth of the community is commensurate with and promotive of the efficient and economical use of public funds." *Id.*

The Steuben County Zoning Ordinance states that

"[t]he Board may grant a Special Exception for a use in a district, if after a hearing under Section 7.2 it finds that:

\*　　\*　　\*　　\*　　\*　　\*

(3) granting of the exception will not subvert the general purpose served by this ordinance and will not materially and permanently injure other property or uses in the same district and vicinity."

Section 3.3  *Special Exceptions.*

These latter two sections provide guidance as to what sort of conditions may be deemed reasonable.

National Serv–All's predecessor, Apollo Disposal, Inc., was already operating a landfill when it applied for a special exception for the additional 30.3 acres. The BZA granted this special exception but added that "if the landfill comes under any County Ordinance 590 violation they will have 15 days to correct the violation or the 30.3 acres Special Exception will become null and void effective the 16th day of the violation." Steuben County Ordinance 590 regulates the public disposal of solid waste on any land which is situated outside the corporate limits of any city or town in Steuben County, Indiana. The ordinance was adopted for the "protection of the land and waters within Steuben County, the avoidance of public nuisances, and health of the citizens of Steuben County, Indiana." *Id.*

The trial court found and the appellee alleges that this condition is an attempt by the BZA to police the conduct of National Serv–All's business and as such is void since regulating the conduct of a business is not a proper function of a board of zoning appeals and is unrelated to the pur-pose of zoning. However the imposition of the Ordinance 590 condition was not an attempt to police the conduct of National Serv–All's business, or its predecessors' business, but an attempt to protect the health and welfare of the citizens and to assure that property in the vicinity would not be materially and permanently injured.

■ The trial court also found that the word "landfill" as used in the second condition referred to only the 30.3 acres and not to the existing landfill. Since the trial court determined that the condition was not ambiguous, it was not subject to extrinsic evidence. There had been no Ordinance 590 violations on the 30.3 acres and therefore, the trial court held there was no evidence to support the BZA's finding.

However upon a reading of the two conditions it is clear that the BZA was referring to the *existing landfill* in the second condition and not only to the new 30.3 acres. These conditions were worded as follows:

"[t]hat the *new 30.3 acres* will not be used for any dumping for a period of 10 years, also if *the landfill* comes under any County Ordinance 590 violation they will have 15 days to correct the violation or *the 30.3 acres* Special Exception will become null and void effective the 16th day of the violation.  [Emphasis added.]"

If the BZA had intended to make the Ordinance 590 condition contingent upon no violations occurring upon the 30.3 acres, it would have stated that "if the *30.3 acres* come under any County Ordinance 590 violation they will have 15 days to correct the violation or the 30.3 acres Special Exception will become null and void...." The BZA consistently used "30.3 acres" when referring to the new 30.3 acres and "the landfill" when referring to the existing landfill.

Even if the condition could be considered ambiguous, a review of the minutes reflect that this is a correct interpretation. The following dialogue took place at the BZA's meeting on December 10, 1984 regarding the conditions:

"Are you adding a third one, Tony?

What's that?

Are you adding a third one to that ... or just the two?

I was just ... it was ...

It's all one.

No dumping for ten years?

On the 30.3 acres ...

On the 30.2 ...

*... and if the landfill, now that's not just the 30.3 acres,* the landfill comes under any county ordinance 590 violation, they will have fifteen days to correct the violation or the 30.30 acre special exception will become null and void effective the sixteenth day of the violations which says that if they do something in there and if they do not have it fixed by the sixteenth day, then the special exception becomes null and void and they cannot use the 30.3 acres. [Emphasis added.]"

The BZA granted the special exception contingent upon the existing landfill not violating Ordinance 590.

■ Finally, the following evidence was presented to the BZA on October 11, 1988:

Exhibit A—a map of the 30.3 acres.

Exhibit B—minutes of the Board's 12/10/84 meeting.

Exhibit C—partial transcript of the 12/10/84 meeting.

Exhibit D—County Ordinance 590.

Exhibit E—answers of Apollo to interrogatories admitting continuing violations of Ordinance 590.

Exhibit F—complaint by Department of Environmental Management for injunction against Apollo, and consent decree.

Exhibit G—preliminary injunction and joint stipulation of Environmental Management and Apollo.

Exhibit H—permanent injunction entered against Apollo.

Exhibit I—notice sent by Steuben County Board of Health citing violations of Ordinance 590 and Indiana law.

Exhibit J—inspection report of State Board of Health dated 6/6/86 citing violations at landfill.

Exhibit K—inspection report of State Board of Health dated 6/8/86 citing violations at landfill.

Exhibit L—inspection report of State Board of Health dated 6/16/86 citing violations at landfill.

Exhibit M—inspection report of State Board of Health dated 6/17/86 citing violations at landfill.

Exhibit N—inspection report of State Board of Health dated 6/23/86 citing violations at landfill.

Exhibit O—definition of "leachate."

Exhibit P—newspaper article re hazardous waste found in landfill.

Exhibit Q—maps.

This evidence was sufficient to support the BZA's finding that Ordinance 590 had been violated.

Reversed and remanded with instructions to reinstate the order of the Steuben County Board of Zoning Appeals.

SHIELDS, P.J., and STATON, J., concur.