BOARD OF ZONING APPEALS OF CITY OF MISHAWAKA
ET AL. *v.* LA DOW ET AL.

[No. 29,631. Filed October 31, 1958. Rehearing denied
December 5, 1958.]

*Leonard V. Campanale,* of Mishawaka, for appellants.

*Joseph A. Roper, Farabaugh, Chapleau & Roper, Arthur A. May* and *Crumpacker, May, Beamer, Levy & Searer,* all of South Bend, for appellees.

LANDIS, J.—The City of Mishawaka, Indiana, had an amendatory ordinance forbidding, among other things, gasoline filling stations from commercial zones in such city.

Appellees are the owners of certain lots situated in a commercial zone of the City of Mishawaka upon which they desired to build a filling station. They filed application for a building permit to erect a filling station on such property, which was refused because of the prohibition of said ordinance.

Appellees appealed to the Board of Zoning Appeals, contending the amendatory ordinance violated §§21 and 23, Art. 1, of the Constitution of Indiana, and the Fifth and Fourteenth Amendments of the United States Constitution. The Board of Zoning Appeals, after hearing evidence thereon, denied the appeal of appellees,

thereby sustaining the action of the building commissioner in denying said permit.

Within thirty days thereafter, appelleees filed petition for certiorari in the court below to review the decision of the Board of Zoning Appeals, and said court after hearing additional evidence, held said amendatory ordinance to infringe upon §§21 and 23, of Art. 1 of the Indiana Constitution, and §1 of the Fourteenth Amendment of the United States Constitution, and reversed the decision of the Board of Zoning Appeals and remanded the cause for further proceedings consistent therewith. Appellant has appealed to this court.

Appellants in their brief assert that the basic issue on this appeal is whether the restrictions against the erection and operation of filling stations in commercial districts of the City of Mishawaka imposed by the city ordinance, are a reasonable exercise of the police power so as to be constitutional.

To consider this question it is necessary to look to the evidence adduced before the court below:

Appellees introduced the following evidence before the Board of Zoning Appeals, the record of which was introduced before the lower court, as follows, to-wit:

Testimony of a field engineer for an oil company to the effect that filling stations are not a greater fire hazard than a grocery or other commercial enterprise, and that there are no smells or noises connected therewith.

Testimony of an oil company manager, that on April 2, 1956, there were sixty-six filling stations in Mishawaka, forty-four of which were located in commercial districts, that gasoline stations in industrial zones were not desired by oil companies, as business there is uncertain.

Testimony of a real estate agent that the effect of the ordinance was to reduce the value of appellees' property approximately $75.00 per front foot.

Testimony of a police officer that results of a survey of sixty-one of sixty-six filling stations in Mishawaka disclosed that in 450 years of combined operating experience, there were no pedestrian accidents, and only fourteen vehicular accidents at eight of such stations, five of which were in commercial and three in industrial districts. That at such sixty-one stations, there have been five fires at four of such stations, during an operational period of 58 years.

Testimony of an attorney as to rating bureau's opinion that fire insurance rates on adjoining property would not be adversely affected by location of a filling station in the area, various exhibits including a study by engineering consultants concluding the elimination of modern gas stations from commercial districts is not warranted on the alleged basis of increased safety and decreased congestion.

The following additional evidence was introduced before the court:

Stipulation by the parties to the effect a survey made at appellants' request revealed that of the sixty-six existing gasoline stations within the City of Mishawaka, only ten provide light motor repair services, and two provide light body repair. The remaining fifty-four stations carry on only the normal services of such stations.

In considering the constitutionality of the ordinance in question, there can be no doubt but that its provisions restricting the use of appellees' property for gasoline filling stations represented a taking of appellees' property. The only question is whether the taking can be

considered lawful and not without due process of law,[1] by reason of its being within the scope of the police powers of public safety, health, morals, and welfare.

But where does there appear in the foregoing evidence any indication that the subject ordinance outlawing filling stations in the commercial districts of Mishawaka is in the interest of public safety, health, morals or welfare? The undisputed evidence in the record shows filling stations to have little if any effect on pedestrian and traffic safety, no appreciable effect on danger of loss by fire or injury to health. In fact, the record shows filling stations not to be a greater fire hazard than a grocery or any other commercial enterprise, and that additional odors foreign to other commercial enterprises are not generally prevalent. The experience of no pedestrian injuries and only fourteen vehicular accidents in a combined period of 450 years operation in Mishawaka refutes any possible contention that gasoline stations are a traffic or safety hazard.

Appellants have cited in their brief general statements of law from some other jurisdictions as to filling stations being a fire and accident hazard. However, we cannot accept general observations from decisions of other courts of an earlier date as binding upon us as to the existence of facts which were completely refuted by the unquestioned testimony as to the operation of the subject ordinance of the City of Mishawaka.

At least if the facts are otherwise on these matters, there was a duty upon the parties to make a showing with evidence at the trial below, for the court can only try the issues upon the basis of facts properly brought before it, and we are bound by that record on appeal.

---

1. See due process and due course of law provisions of United States (14th Amendment) and Indiana (Art. 1, §12) Constitutions.

We are, therefore, constrained to hold that the ordinance in question restricting the use of premises in commercial districts to gasoline filling stations has not been shown to be in the exercise of the police power and it therefore violates the due process and due course of law provisions of the federal and state constitutions.

The remaining contentions made by appellants on this appeal deal with the question of jurisdiction of the court below of this particular case because of the failure of appellees to ask previously for a variance before the Board of Zoning Appeals.

Appellants contend as a result, that neither the Board of Zoning Appeals nor the court below which entertained the appeal from the board had authority or jurisdiction to hear these proceedings.

The governing statute defining the powers and duties of the Board of Zoning Appeals provides, among other things, the board shall:

"1. Hear and determine appeals from and review any order, requirement, decision or determination made by an administrative official or board charged with the enforcement of any ordinance or regulation adopted pursuant to sections 56 through 65 [§§53-756—53-766] of this act.

. . . . . .

"4. Authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done.

"In exercising its powers, the board of zoning appeals may reverse or affirm, wholly or partly, or may modify the order, requirement, decision or determination appealed from as in its opinion ought to be done in the premises, and to that end

shall have all the powers of the officer or board from whom the appeal is taken." (Acts 1947, ch. 174, §77, p. 571, being Burns' Ind. Statutes §53-778, 1951 Replacement.)

Although appellees concede they did not attempt to seek a variance as provided for under §4 of the above act, it is difficult to see why the appeal to the board from the denial by the building commissioner of appellees' application for a building permit is not authorized by §1 above which provides for appeals to the board and review of "any order, . . . decision or determination made by an administrative official or board charged with the enforcement of any ordinance or regulation" adopted pursuant to the zoning act.

The denial of appellees' application for a building permit was certainly an "order, . . . decision or determination . . . by an administrative official . . . charged with . . . enforcement" under the zoning act.

It cannot, therefore, be seriously contended that appellees' failure to seek a variance before the Board of Zoning Appeals deprived the board or the court below, on appeal therefrom, of jurisdiction of this particular case. Instead, the procedure taken by appellees in appealing to the board from the denial by the building commissioner of their application for a building permit is contemplated and authorized by the zoning statute involved.

This disposes of all questions properly before us on this appeal and the judgment is therefore affirmed.

Achor, Arterburn and Emmert, JJ., concur.

Bobbitt, C. J., concurs in result with separate opinion.

## CONCURRING OPINION

BOBBITT, C. J.—I concur in the result reached in the opinion by Landis, J. insofar as it holds that the pro-

vision of the Ordinance in question is illegal as applied to appellees' property involved herein for the following reasons:

Although the petition to the Zoning Board is loosely drawn, its effect is to seek a variance from the terms of the Ordinance.

It appears from the record here that appellees sought only to have one paragraph of one section of the Zoning Ordinance of Mishawaka declared illegal and void as it affected and applied to three lots which they owned. The illegality arises out of a violation of their constitutional rights, and they have pursued the administrative remedy as provided by statute and the Ordinance before seeking a determination of their rights in the courts. See: *City of E. Chicago* v. *Sinclair Ref. Co.* (1953), 232 Ind. 295, 302, 303, 111 N. E. 2d 459; *City of South Bend* v. *Marckle* (1939), 215 Ind. 74, 82, 18 N. E. 2d 764.

NOTE.—Reported in 153 N. E. 2d 599.