(No. 35146.—)

*In re* Estate of Mary Kathrein.—(Ann Merz *et al.*, Appellants, *vs.* Alois Kathrein, Appellee.)

*Opinion filed May 22, 1959.*

Thomas Eugene Foster, of Chicago, for appellants.

William Gillespie, of Chicago, for appellee.

Mr. Justice Bristow delivered the opinion of the court:

This appeal involves the validity of a will and reaches us after trial in the probate and superior courts of Cook County. There is a freehold involved, giving us jurisdiction.

The relevant facts are these: Mary Grace executed a will on December 30, 1953, leaving her property to her brother and sister or their descendants; Mary Grace and Alois Kathrein were lawfully married on September 21,

1957. The probate court and superior court denied the probate of the will on the ground that the marriage had invalidated the instrument. (Ill. Rev. Stat. 1957, chap. 3, par. 197.) The named beneficiaries under the will challenge this determination on the ground that the marriage was invalid because it was within the degree of consanguinity prohibited by the law of Illinois and therefore the will was not revoked in consequence thereof.

The pertinent statute, section 1 of the act in relation to marriages, reads: "That hereafter marriages between parents and children including grandparents and grandchildren of every degree, between brothers and sisters of the half, as well as of the whole blood, between uncles and nieces, aunts and nephews, and between cousins of the first degree are declared to be incestuous and void. This section shall extend to illegitimate, as well as legitimate children and relations." Ill. Rev. Stat. 1957, chap. 89, par. 1.

Alois Kathrein and the mother of Mary Grace Kathrein were first cousins. Mary Grace therefore falls into the category of a second cousin or a first cousin once removed. Thus, appellee and the testatrix were not related as cousins of the first degree.

First cousins are those who have the same grandfather or grandmother, while second cousins are those who have the same great-grandfather or great-grandmother. The common ancestor here is a grandparent of one of the parties and the great-grandparent of the other.

It is undisputed that a void marriage does not revoke a will. (68 Corpus Juris 835.) Appellant places considerable reliance upon two opinions rendered by the Attorney General of Wisconsin and Minnesota. Involved therein were comparable provisions, namely, "In this state marriage between those who are nearer of kin than second cousins is forbidden" and "no marriage shall be contracted between persons who are nearer of kin than second cousins, com-

puted by the rule of civil law." Both opinions indicated that marriages involving relationship as comparable to those appearing here are void.

In 1929 the Attorney General of Illinois was called upon by the State's Attorney of Clinton County, Illinois, to answer the identical question that we have before us. It was his opinion "that the parties in question are not cousins of the first degree and are not prohibited from marrying by reason of said statute on marriages."

No doubt the county clerks in the State of Illinois relying upon this pronouncement of the law have issued many licenses when marriages have been solemnized between parties whose relationship was the same as those involved in this controversy.

A correlative statute that deserves mention is section 157 of division I of the Criminal Code, which reads as follows: "Persons within the degrees of· consanguinity within which marriages are declared by law to be incestuous and void, who shall intermarry with each other * * * shall be imprisoned in the penitentiary." (Ill. Rev. Stat. 1957, chap. 38, par. 375.) This statute being penal in nature must be strictly construed in favor of an accused. One is not permitted to go beyond the literal and obvious meaning of the statute. (*People* v. *Lund,* 382 Ill. 213.) In the case of *Arado* v. *Arado,* 281 Ill. 123, this court said: "The question whether the marriage of the appellant and appellee was void * * * must be determined from the amended act of 1887 and the provision of the Criminal Code making parties to a marriage declared to be incestuous and void punishable by imprisonment in the penitentiary."

We are of the opinion that section 1 of the act in relation to marriages should be strictly construed. If the legislature had intended to embrace cousins of any other category than "cousins of the first degree," it would have so indicated. It would seem clear that it was its intention to

624

exclude cousins of any other class. The intention of the legislature must be gathered from the words that are used. *United States* v. *Wiltberger*, 5 Wheat. 76, 95, 5 L. ed. 37.

The marriage here was a valid one, thus revoking the will.

*Order affirmed.*