The CHILDREN'S HOME OF SOUTH-EASTERN INDIANA, INC., d/b/a Bob Crable Children's Home, Plaintiff-Appellant,

v.

The AREA PLANNING COMMISSION OF FRANKLIN COUNTY, Indiana, Defendant-Appellee.

No. 1–585A128.

Court of Appeals of Indiana, First District.

Dec. 23, 1985.

Herbert A. Jensen, Carol Lynn Terzo, Jensen & Associates, Indianapolis, for plaintiff-appellant.

Melvin F. Wilhelm, Barrett & Wilhelm, Brookville, for defendant-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

The Franklin County Board of Zoning Appeals (Board) denied a request by plaintiff-appellant, Children's Home of Southeastern Indiana, Inc., d/b/a Bob Crable Children's Home (Home), for a "special exception." Such an exception would allow the Home to establish a multi-family dwelling in an area zoned "agricultural," which is otherwise prohibited by the Franklin County, Indiana Unified Zoning Ordinance (UZO). The Franklin Circuit Court affirmed the Board's denial. The Home now appeals.

We affirm.

## STATEMENT OF THE FACTS

The Home sought to establish a "group home" facility to house six to ten abandoned, abused or neglected girls between the ages of six and seventeen. The Home applied to the Executive Director of Franklin County for a single-family dwelling occupancy permit. The Executive Director, uncertain as to the proposed facility's land use classification, requested the Area Plan Commission of Franklin County (Commission) to conduct a land use classification hearing. Between October 12, 1983 and February 8, 1984, the Commission held several hearings at which the facility's land use classification was discussed. Since the UZO did not contain a "group home" land use classification, the Commission's main concern was whether the facility was more analogous to a multi-family dwelling than to a single-family dwelling. The advantage of the later classification being that single-family dwellings are freely allowed in ar-

eas zoned "agricultural" while multi-family dwellings require the issuance by the Board of a special exception.

At the January 11, 1984, hearing, the Commission, after holding an "executive session," voted to classify the facility as "dwelling, multi-family" and directed the Home to file with the Board a Petition for Special Exception. The Home did so. However, prior to the Board's meeting at which time Home's petition was slated for discussion, the Commission held its next monthly meeting. At that hearing the Commission disclosed that since the executive session held during the prior hearing was in fact conducted illegally, it had declared all action taken at that hearing subsequent to the session null and void. Therefore, the vote classifying the facility as "dwelling, multi-family" was invalidated. The Commission then attempted to legitimately classify the facility. After several motions to classify the facility failed, the Commission's attorney, noting the Commission's apparent stalemate, informed the Home that it could either "pursue the special exception or ... drop it." The following week the Board heard the Home's Petition for Special Exception, which the Home had in fact filed prior to the Commission's final hearing on the matter. The petition was denied.

The Home filed a timely Writ of Certiorari under IND.CODE 36–7–4–1003. The trial court, condensing the purported errors into two issues, held that the Commission was not in error for refusing to classify the facility as a single-family dwelling, but remanded the matter back to the Board for its failure to specify its rationale in denying the special exception request.

The Home filed a timely Motion to Correct Errors, most significantly asserting that the trial court erred by not requiring the Board to make an official land use classification. The trial court perceived this as error and remanded the matter so that the Board could make an official classification. The Board held yet another hearing on December 12, 1984, where it officially classified the facility as "dwell-

ing, multi-family," and again denied the exception.

The trial court, after receiving the Board's rationale for the denial, affirmed the Board's actions. The Home filed another Motion to Correct Errors. It was denied and the Home perfected this timely appeal.

### ISSUES

The Home asserts the following points of error:

I. The Commission's failure to classify the facility's land use;

II. The facility's land use classification as "dwelling, multi-family;"

III. The Board's failure to grant the special exception;

IV. The participation of two "disqualified" Board members in the land use classification vote; and

V. The trial court's failure to find that the actions of both the Commission and the Board constituted a "taking."

### DISCUSSION AND DECISION

At the outset we observe that the inadequate Record of the Proceedings makes this a difficult case to review. In addition to the poorly written and confusing minutes of the Commission and Board hearings, neither party bothered to enter into the Record or even to quote in their briefs, save for a handful of definitions, pertinent portions of the controlling ordinance. These shortcomings make any meaningful determination of purported procedural irregularities impossible. As a result the appellant's case suffers.

In order to obtain trial court review of a zoning appeals board decision, the petitioner must file a writ of certiorari with the appropriate trial court specifically alleging the illegality of the board's decision. IND. CODE 36–7–4–1003. Thus the only issue on review is whether the board's decision is correct as a matter of law. As long as sufficient supporting evidence exists, the board's otherwise lawful decision will not be disturbed. *Metropolitan Board of Zon-*

*ing Appeals v. Gunn* (1985), Ind.App., 477 N.E.2d 289. Upon appeal, we are restricted in the same manner. *Metropolitan Board of Zoning Appeals, supra.*

IND.CODE 36–7–4–101 et seq. governs much of this case. Section 202 establishes an area plan commission, a board of zoning appeals and an office of executive director. Section 203 gives the planning department exclusive jurisdiction of zoning functions. Sections 312 and 401 give the area plan commission and the executive director the power and duty to supervise and administer the planning department. Section 801 provides that a zoning ordinance may require improvement and occupancy permits. Section 802 allows the authority to issue such permits to be delegated to the area plan commission or other county officers, e.g. the executive director. Section 900 et seq. establishes the board of zoning appeals. Sections 918, 918.2 and 919 give the board the following responsibilities:

(1) To approve or deny all special exceptions; and

(2) To hear and determine appeals from any order or decision made by an administrative official or board charged with the enforcement of the zoning ordinance.

*Issue I.*

■ The Home first contends that by failing to classify its facility, the Commission violated its statutory duty to do so. Although this argument would fail on the merits, we need not go that far since it can be disposed on procedural grounds.

IND.CODE 36–7–4–919 gives the Board the duty, *upon proper filing*, to review all orders and decisions made by the administrative body charged with the enforcement of the local zoning ordinance. Although the parties in the present case failed to cite the UZO section which specifically designates the appropriate enforcement body, the Record and the briefs clearly indicate that the Commission is responsible for zoning enforcement in Franklin County.

In order to appeal a decision of the body responsible for zoning enforcement, a direct appeal must be filed with the county board of zoning appeals. IND.CODE 36–7–4–918(b)(2) and 919(b). From the decision of the board of zoning appeals, an appeal may be filed, via writ of certiorari, with the appropriate trial court. IND. CODE 36–7–4–1003. Thus an appeal may be taken to the trial court only after having appealed the issue to the board of zoning appeals.

In the case at hand, the Home should have filed an appeal with the Board after the Commission failed to classify the Home's facility. Instead, the Home filed a Request for Special Exception, a matter completely within the Board's original, not appellate, jurisdiction. *See* IND.CODE 36–7–4–918.2. Having failed to appeal the Commission's decision to the Board, the Home may not "leap-frog" and appeal the matter directly to the trial court.

*Issue II.*

█ The Home next contends that its classification as "dwelling multi-family" was erroneous under the UZO. We can not address the merits of that argument since the Home has, in effect, waived that issue.

As the minutes of the Commission's February 8, 1984, meeting reveal, the Commission's attorney, after noting the Commission's inability to reach a decision regarding the facility's proper classification, recommended that the Home either "pursue the special exception or ... drop it." The Home filed for a special exception and proceeded along that course at the Board's February 15, 1984 meeting. As reflected in the minutes of that meeting, the Home's attorney explicitly stated the Home's intent to proceed with the special exception request.

As noted above, within an area zoned "agricultural" a "dwelling, single-family" structure is freely allowed without a special exception while a "dwelling, multi-family" structure is not. Since the Home applied for and actively sought a special exception, it is apparent that the Home considered itself "dwelling, multi-family." After having accepted that status and having actively pursued a special exception, the Home can not now complain that at a subsequent court ordered proceeding the Board officially classified the facility as "dwelling, multi-family."

*Issue III.*

█ The Home next contends that the Board erred in denying its request for a special exception. Variances and special exceptions, while possibly appearing conceptually similar, are in fact treated very differently. We made the distinction clear in *Ash v. Rush County Board of Zoning Appeals* (1984), Ind.App., 464 N.E.2d 347, 350.

"A variance involves a deviation or change from the legislated zoning classification applicable to a certain piece of property. The granting of a variance by the Board is discretionary even though the petitioner may have satisfied the statutory criteria. [However, *t]he granting of a special exception is mandatory upon compliance with the statutory criteria set forth in the ordinance.*" (Our emphasis.)

Thus the Home was entitled as a matter of right to a special exception if it met the criteria set out in the applicable ordinance. However, the Home not only failed to assert such compliance in its brief, but by failing to introduce the UZO into the record or quote it in its brief, we are left in the dark as to the criteria for obtaining such an exception. Since "[i]t would be presumptuous for this reviewing court to reverse a judgment based upon evidence not before us," *Johnson v. Taylor Building Corp.* (1978), 171 Ind.App. 674, 678, 371 N.E.2d 404, 406, we are prevented from addressing the issue.

*Issues IV and V and Equal Protection.*[1]

█ The remaining issues asserted by the Home are (a) that the Board's classifi-

---

**1.** Although the Home did not assert an equal protection claim in its Statement of the Issues, it included such a claim in its Issue I argument.

cation vote was invalid due to the participation of two "disqualified" members; (b) that the denial of the Home's special exception request constitutes a "taking" without just compensation; and (c) that the Commission's refusal to classify its facility violated the Home's right to equal protection under the 14th Amendment to the U.S. Constitution.

Purported error not properly preserved will not be reviewed by this court. *State v. Maplewood Heights Corp.* (1973), 261 Ind. 305, 302 N.E.2d 782. Just as an issue not raised in the trial court cannot be raised in a subsequent motion to correct errors, *Zeigler Building Materials, Inc. v. Parkison* (1980), Ind.App., 398 N.E.2d 1330, an issue not raised in a writ of certiorari under IND.CODE 36–7–4–1003 can not be raised in a subsequent motion to correct errors. *See* IND.CODE 36–7–4–919(c) and 1003(a). Nowhere in its Writ of Certiorari does the Home raise any of the above three issues. They are therefore waived.

For the above reasons, this cause is affirmed.

Judgment affirmed.

RATLIFF, P.J., and ROBERTSON, J., concur.