The **BOONE COUNTY AREA PLAN COMMISSION, Jerry L. March, Executive Director, Boone County Area Plan Commission, Zionsville Plan Commission, and Town of Zionsville, Appellants (Defendants Below),**

v.

Lawrence T. **KENNEDY and Catherine H. Kennedy, Appellees (Plaintiffs Below).**

No. 12A04–9001–CV–6.

Court of Appeals of Indiana, Fourth District.

Oct. 17, 1990.

Richard B. Porter, Lebanon, and Stephen C. Cline, Indianapolis, for appellants.

J. Murray Clark and Michael D. Keele, Clark, Quinn, Moses & Clark, Indianapolis, for appellees.

CONOVER, Judge.

Defendants–Appellants Boone County Area Plan Commission, Jerry L. March, Executive Director thereof, Zionsville Plan Commission, and Town of Zionsville (Planners) appeal the Clinton Circuit Court's summary judgment permitting Plaintiffs–Appellees Lawrence T. and Catherine H. Kennedy (Kennedys) to construct a private recreational skeet and trap range on their real estate as an accessory use thereto.

We affirm.

Restated, the issues presented by this appeal are:

1. whether the Kennedys may file suit for declaratory judgment without first exhausting the administrative remedies available to them in the Boone County Comprehensive Zoning Ordinance (Ordinance), and

2. whether there are genuine issues of material fact as to whether the pro-posed private skeet range is a permitted accessory use under the ordinance.

The Kennedys own two forty acre parcels of farmland in Boone County, one of which is contiguous to the town of Zionsville's western boundary and one of its residential neighborhoods. That parcel also may be the subject of future annexation. The Kennedys, proposing to build a private recreational skeet and shooting range (skeet range) on fifteen acres of the tract adjoining the town, had their representatives meet informally with the Commission's Executive Director, Jerry L. March (March), about their proposal. After considering it, March determined their proposed skeet range couldn't be built because it was a primary as opposed to an accessory use of that real estate under the ordinance. Later, March wrote a letter to the Kennedys stating that conclusion. They in turn filed suit for declaratory judgment without formally petitioning the commission for authority to construct that facility. Zionsville intervened, everyone filed motions for summary judgment, the town alternatively filed a motion to dismiss, and the trial court granted the Kennedys' motion.

The Planners appeal.

Initially, the Kennedys argue we are to review this cause for abuse of discretion only. They are incorrect. This appeal involves the review by this court of the grant of a motion for summary judgment. In such case, we review under the same standards as the trial court. *Ayers v. Indian Heights Volunteer Fire Dept., Inc.* (1986), Ind., 493 N.E.2d 1229. When reviewing the grant or denial of a motion for summary judgment, we stand in the shoes of the trial court, employing the same standard it did, namely, whether there exists any genuine issue of material fact and whether the law was correctly applied. *First Savings & Loan Ass'n. of Central Indiana v. Treaster* (1986), Ind.App., 490 N.E.2d 1149; *Hamblen v. Danners, Inc.* (1985), Ind.App., 478 N.E.2d 926.

The Planners first argue the Kennedys have made no attempt to avail themselves of the administrative remedies provided in

the ordinance. Without first exhausting those remedies, Planners posit, the Kennedys may not resort to the courts for relief, citing IND.CODE 36–7–4–918.1. It states in part:

A board of zoning appeals shall hear and determine appeals from and review:

(1) any order, requirement, decision, or determination made by an administrative official, ... or staff member under the zoning ordinance; ...

Director March's February 22, 1989, letter to the Kennedys constitutes an appealable "decision or determination" under that statute, they urge, because it states:

Building permits for such a use (outdoor shooting range) on Mr. Kennedy's property will not be issued from this office until such time as appropriate zoning approvals have been granted by the Boone County Area Plan Commission or Area Board of Zoning Appeals.

The Kennedys must have sought review of March's decision by the Board of Zoning Appeals (BZA) before they may resort directly to the courts, the Planners insist. In support of this argument, they cite *Children's Home of Southeastern Indiana, Inc. v. Area Planning Commission of Franklin County* (1985), Ind.App., 486 N.E.2d 1048; *Laws v. Lee* (1984), Ind.App., 471 N.E.2d 1229; and *Board of Zoning Appeals of the City of Mishawaka v. La-Dow* (1958), 238 Ind. 673, 153 N.E.2d 599. However, they also recognize there are exceptions to this rule, citing *Metropolitan Development Commission of Marion County v. I. Ching, Inc.* (1984), Ind.App., 460 N.E.2d 1236.

Conversely, the Kennedys first argue their proposed skeet range is a permitted accessory use to the dwelling house located on that real estate under Section 3.3(B) of the Ordinance, and no improvement location permit is required to build the trap houses which are a part of that proposed use. In the alternative, the Kennedys claim there was no need to exhaust administrative remedies because the Planners through their agent, Executive Director March, had already considered their proposed use and determined it was not a

permitted accessory use but rather was a primary use of the property and prohibited on their real estate because it was zoned R–1. Because of March's demonstrated inclination not to issue an improvement location permit for such purpose, administrative relief would not be forthcoming at any level and its pursuit through the administrative hierarchy would be futile and senseless, they insist. That being the case, the Kennedys had an alternative at that time, as they viewed it: they could either build their proposed facility and defend a zoning enforcement suit or take the initiative and file suit for declaratory judgment. The latter was the most expeditious and economic route open to them at that time, and they correctly chose it, they earnestly contend.

■ Where an administrative remedy is provided, it must be exhausted before judicial review may be requested. No one is entitled to judicial relief for an alleged or threatened injury until the prescribed administrative remedy has been exhausted. *Board of School Comm'rs, etc. v. Eakin* (1983), Ind., 444 N.E.2d 1197, 1201; *City of East Chicago, Ind. v. Sinclair Refining Co.* (1953), 232 Ind. 295, 111 N.E.2d 459, 464. However, where there are no administrative channels capable of answering the question presented, direct resort to the courts for judicial review of that question may be taken. *DPW v. Chair Lance Service, Inc.* (1988), Ind., 523 N.E.2d 1373, 1378–1379 [where an administrative appeal is not available under the Indiana Department of Public Welfare regulations on the propriety of pre-judgment interest and attorney fees, direct judicial review of those questions is appropriate].

■ This case turns on whether the Kennedys' proposed skeet range is a primary or accessory use of the real estate in question. If primary, the Ordinance's terms apply and its administrative steps of formal application, denial by an administrative official, appeal to the BZA and denial of that appeal were prerequisites to resort to the trial court. However, if accessory only, as the Kennedys contend, the Ordinance by its terms excludes their proposed gun range

from its coverage [1] and exhaustion of administrative remedies before resort to the courts for judicial review is not required. The administrative remedies under the Ordinance were not available to the Kennedys because in their view the proposed use was not covered by the Ordinance unless they abandoned their position the Ordinance did not apply. This issue was tailor made for direct resolution by the court below.

█ The Declaratory Judgments Act at IC 34–4–10–2 provides in part:

Sec. 2. Any person ... whose rights, status or other legal relations are affected by a statute, ..., may have determined any question of construction or validity arising under the ..., statute, ... and obtain a declaration of rights, status or other legal relations thereunder.

The test to determine the propriety of declaratory relief is whether the issuance of a declaratory judgment will effectively solve the problem involved, whether it will serve a useful purpose, and whether or not another remedy is more effective or efficient. *U.S. Steel Corp. v. NIPSCO* (1985), Ind. App., 482 N.E.2d 501, 504; *Volkswagenwerk, A.G. v. Watson* (1979), 181 Ind.App. 155, 390 N.E.2d 1082, 1084–1085. Applying that test here it is readily apparent the lower court's determination the skeet range was an accessory use unregulated by the Ordinance effectively solved the problem, served a useful purpose, and no other remedy was available to the Kennedys absent their involuntary submission to the Ordinance's administrative processes. Thus, direct resort to the trial court was appropriate. We find no error here.

█ Planners next argue there is a genuine issue of material fact as to whether the Kennedys' proposed skeet range is a permitted accessory use under the ordinance. They claim such use is not subordinate to a primary use of the property, the proposed use dominates it. The Kennedys argue to the contrary.

█ There is no factual dispute here. The Kennedys own forty acres contiguous to one of Zionsville's borders upon which is located a four bedroom dwelling house and outbuildings which they will use for recreational purposes on weekends.[2] The proposed skeet range, its trap houses, and shot fall area will cover only fifteen of those forty acres or a little over one-third the total acreage.

█ The construction of a zoning ordinance, like other statutes, is a question of law. Courts may not interpret a statute or ordinance which is plain and unambiguous on its face. *Metro. Development Com'n. v. Villages, Inc.* (1984), Ind.App., 464 N.E.2d 367, 369. An accessory use must be subordinate in area, extent, and purpose to the primary use of the lot. *Villages, Inc., Id.* The Ordinance itself defines an accessory use in essentially the same terms. In this regard, the Ordinance at Section 3.3(B) reads:

(B) *Accessory Uses.* Accessory uses shall be permitted in all zoning districts provided the following requirements are met:

1. Accessory uses shall be incidental and subordinate to, and commonly associated with the operation of the principal use of the lot....

(R. 53).

We believe it clear the proposed skeet range is an accessory use of the subject real estate by any definition. The four bedroom dwelling house to be used for recreational purposes on weekends is the

---

**1.** Section 3.3(B) regarding accessory uses contains no requirement for the issuance of an improvement location permit either for an accessory use or where structures constitute part of such a use. (R. 53). If the proposed skeet range is an accessory use as the Kennedys believed at the time, it was outside the Ordinance's coverage and not subject to regulation.

**2.** The Planners speculate the Kennedys in the future may begin using this range everyday and thus, the use will be bootstrapped into a primary use of the real estate. First, there is no evidence or reasonable inference in this record such an increased use will occur in the future. Second, if there were, it would have no effect upon the question of whether the use is accessory to a principal use. That question is concerned with the nature of the use, not the degree of intensity with which the use is pursued.

primary use. Recreational purposes are commonly associated with country houses, and the skeet range here proposed is but an incident of the recreational purpose planned for the Kennedys' country home. It is clearly subordinate in extent, area, and purpose to the primary use of this real estate. Thus, by the Ordinance's definition and the holding in *Villages, Inc.*, the proposed skeet range is an accessory use and exempt from the Ordinance's provisions. The trial court did not err by so holding.

Affirmed.

BAKER, J., concurs.

CHEZEM, J., concurs with separate opinion.

CHEZEM, Judge, concurring.

I concur with the majority's opinion because it properly found that the proposed skeet range was a permitted accessory use to property containing a four bedroom dwelling housed used for recreational purposes on weekends. Thus, the majority correctly concluded that the Ordinance's terms do not apply, and a declaratory judgment was Appellant's appropriate remedy.