

**FILED**

Jul 31 2019, 10:08 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Bryan L. Ciyou
Ciyou & Dixon, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Natalie F. Weiss
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Reid Cowan,

*Appellant-Petitioner,*

v.

Robert E. Carter,

*Appellee-Respondent.*

July 31, 2019

Court of Appeals Case No.
19A-MI-402

Appeal from the Allen Superior
Court

The Honorable Frances C. Gull,
Judge

Trial Court Cause No.
02D05-1810-MI-954

**Robb, Judge.**

# Case Summary and Issue

[1] Reid Cowan appeals the trial court's dismissal of his petition for writ of habeas corpus that alleged the Indiana Department of Correction ("DOC") is unlawfully subjecting him to lifetime parole. Concluding that Cowan is subject to the lifetime parole requirement, we affirm.

# Facts and Procedural History

[2] The facts, primarily taken from Cowan's petition, are that in April 2006, Cowan committed the offense of possessing child pornography in Michigan. In June 2007, he was convicted pursuant to a plea agreement for the charge of child sexually abusive activity[1] and in August 2007, he was sentenced to eleven months, all suspended, and a five-year probationary period. He was also required to register in Michigan as a sex offender for twenty-five years. *See* Appellant's Amended Appendix, Volume 2 at 35. When Cowan later moved to Indiana, his probation was transferred here.

[3] In November 2007, Cowan had sexual contact with a fourteen-year-old in Indiana. As a result of this contact, Cowan was charged in December 2007 with three counts of sexual misconduct with a minor, all Class B felonies, and one count of criminal confinement. In January 2008, he was convicted

---

[1] Mich. Comp. Laws § 750.145c(2).

pursuant to a plea agreement of two counts of sexual misconduct with a minor and sentenced to ten years in the DOC.

[4] Cowan completed his Indiana sentence in November 2017 and was subsequently notified by the DOC that he was classified as a sexually violent predator ("SVP") due to his two sex crime convictions. This status subjected him to lifetime parole.

[5] In October 2018, Cowan filed a Petition for Writ of Habeas Co[r]pus objecting to his classification as an SVP and the imposition of lifetime parole because the "law enabling lifetime parole, and the amended definition of an SVP became effective July 1, 2006, three months after [he] committed the Michigan offence [sic] on April 1, 2006." *Id.* at 12.[2] Cowan therefore argued the application of these laws to him violate the ex post facto clauses of the state and federal constitutions. *See id.* at 13 (citing U.S. Const. art. I, § 10 and Ind. Const. art. 1, § 24).

[6] The DOC filed a motion to dismiss Cowan's petition for failure to state a claim upon which relief could be granted, inasmuch as there is no ex post facto violation in part because Cowan "is an SVP by operation of law because he committed his Indiana crime while required to register as a sex offender

---

[2] Robert Carter, Commissioner of the Indiana Department of Correction, is named as the defendant because "[h]e is responsible for the implementation and enforcement of lifetime parole[.]" *Id.* at 10.

because of his Michigan crime." *Id.* at 27 (citing Ind. Code § 11-8-8-5(b)(1)). The trial court dismissed Cowan's petition. Cowan now appeals.

# Discussion and Decision

## I. Standard of Review

A motion to dismiss for failure to state a claim tests the legal sufficiency of the claim, not the facts supporting it. When ruling on a motion to dismiss, the court must view the pleadings in the light most favorable to the nonmoving party, with every reasonable inference construed in the non-movant's favor. We review a trial court's grant or denial of a Trial Rule 12(B)(6) motion *de novo*. We will not affirm such a dismissal unless it is apparent that the facts alleged in the challenged pleading are incapable of supporting relief under any set of circumstances.

*Thornton v. State*, 43 N.E.3d 585, 587 (Ind. 2015) (internal citations and quotations omitted).

## II. Cowan's Status

Cowan frames his issue on appeal as whether the definition of a sex or violent offender found in Indiana Code section 11-8-8-5(b)(1), which became effective on July 1, 2006, can be applied to him for an act that occurred on April 1, 2006. *See* Amended Brief of Appellant at 12. Essentially, Cowan argues that because he committed his offense in Michigan prior to the amendment to section 11-8-8-5(b), he was not required to register as a sex offender in Indiana for that offense and therefore, he was not a sex or violent offender subject to Indiana's

registration requirements when he committed the Indiana offenses and cannot be classified as an SVP subject to lifetime parole.

[9]     The State argues Cowan has waived the issue of whether he was required to register in Indiana because of his Michigan conviction by not raising it in the trial court. Cowan may not have specifically articulated his argument in these words in his petition, but he did argue that the "'previously unrelated conviction' that triggered [his] lifetime parole . . . occurred on April 1, 2006, three months before Indiana Code § 35-38-1-7.5(b)(2) and Indiana Code 11-8-8-5 went into effect." Appellant's Amended App., Vol. 2 at 17. Essentially, his argument to the trial court was that the "scheme of law that requires [Cowan] to be placed on lifetime parole was not in place when [he] committed the Michigan crime." *Id.* at 21. Because of the way the statutes are interrelated, this is broad enough to encompass his current argument and we decline to decide this case on waiver.

[10]    On April 1, 2006, when Cowan committed his Michigan offense, Indiana Code section 5-2-12-4, the precursor to Indiana Code section 11-8-8-5, defined a "sex or violent offender" as a person who had been convicted of any of fourteen listed sex or violent offenses, Ind. Code § 5-2-12-4(a), and included a delinquent act by a child who met certain conditions, Ind. Code § 5-2-12-4(b). On July 1, 2006, section 5-2-12-4 was repealed and replaced by Indiana Code section 11-8-8-5, which increased the number of crimes which qualify a person as a sex or violent offender and amended subsection (b) to include not only a delinquent child in the definition of a sex or violent offender but also "a person who is

required to register as a sex or violent offender in any jurisdiction[.]" Ind. Code § 11-8-8-5(b)(1). A sex or violent offender who resides in Indiana is required to register under chapter 11-8-8. Ind. Code § 11-8-8-7(a)(1).[3]

[11] Cowan's main assertion, that the date he committed his out of jurisdiction offense determines whether he can be classified a sex or violent offender pursuant to section 11-8-8-5, has already been decided against his position. In *Tyson v. State*, 51 N.E.3d 88 (Ind. 2016), the defendant was adjudicated delinquent in 2002 in Texas for a crime requiring that he register as a sex offender until 2014. At the time of his offense, he would not have had to register in Indiana if he moved here, but in 2006, the statute defining who is required to register was amended as described above to include a person who is required to register in any other jurisdiction. In 2009, the defendant moved to Indiana, and a few years later, a police officer who pulled him over for driving with an expired license discovered that he was required to (and did) register as a sex offender in Texas but had not registered in Indiana. The State charged the defendant with failure to register as a sex offender. *See* Ind. Code § 11-8-8-17(a). The defendant moved to dismiss the charge, "arguing that enforcing the registry requirement constituted an ex post facto violation since his offense occurred before the change to [Indiana's] definition of sex offender took effect."

---

[3] Indiana Code section 11-8-8-7 describes who is required to register; section 11-8-8-19 states the duration of the obligation to register. "A person who is required to register as a sex or violent offender in any jurisdiction shall register for the period required by the other jurisdiction or the period described in this section, whichever is longer." Ind. Code § 11-8-8-19(f).

*Tyson*, 51 N.E.3d at 90. The trial court denied his motion, and our supreme court affirmed:

> [T]he effects of the amended definition of sex offender in Indiana Code section 11-8-8-5(b)(1), as applied to [the defendant], are regulatory and non-punitive. This outcome makes sense in light of other as-applied ex post facto challenges to the Sex Offender Registration Act we've previously considered: unlike *Wallace* [*v. State*, 905 N.E.2d 371 (Ind. 2009)], where the offender had no obligation to register anywhere before the Act was passed, [the defendant] was required to register in Texas *years* before our statutory definition was amended to include him. His circumstances are much more similar to those in *Jensen* [*v. State,* 905 N.E.2d 384 (Ind. 2009)], and [*Lemmon v.*] *Harris* [949 N.E.2d 803 (Ind. 2011)], where both offenders already had to register; the challenged amendments merely lengthened that requirement. We simply cannot say that transferring the obligation upon moving is any more punitive than lengthening it to potentially last a lifetime.
>
> Finding [the defendant] merely maintained his sex offender status across state lines, we conclude he has failed to show the amended definition retroactively punishes him in violation of our Constitution's prohibition against ex post facto laws.

*Id.* at 96.

[12] Although the context of this case and *Tyson* are different, the principle is the same: just as the defendant in *Tyson* could be charged with failure to register in Indiana despite the fact that his out-of-state offense pre-dated the amendment to section 11-8-8-5(b), Cowan fell within the statutory definition of a sex or violent offender as it existed when he moved to Indiana despite the fact his Michigan

offense pre-dated the amendment. In other words, it is the status of the offender when he or she comes to Indiana that matters for purposes of the definition, not the date of the offense. When Cowan moved to Indiana, he was a sex offender obligated to register in Michigan and he merely maintained that status and the corresponding obligations when he crossed state lines; he suffered no additional burden by being subject to the Indiana registration requirement then in effect. *Cf. State v. Zerbe*, 50 N.E.3d 368, 370-71 (Ind. 2016) (holding, in a case seeking removal from the sex offender registry, that the amended definition of sex or violent offender is non-punitive; "although the amended definition results in the affirmative obligation to notify another state government . . ., the significant responsibilities with respect to [the defendant's] registration are merely maintained across state lines, to be fulfilled where he currently lives and works").

[13] Cowan cites *Hevner v. State*, 919 N.E.2d 109 (Ind. 2010), in support of his position, asserting that the decisions in *Tyson* and *Zerbe* are "directly opposite to the reasoning it espoused in *Hevner*[.]" Reply Br. of Appellant at 10. *Hevner* did hold that the retroactive application of an amended statute that required the defendant, a first-time possessor of child pornography, to register as a sex offender was an ex post facto violation. 919 N.E.2d at 113. In *Hevner*, the defendant committed his crime in 2005 and at that time, a person convicted for the first time of possessing child pornography was not considered a sex offender. The statute was amended while he was awaiting trial to add first time possession to the list of crimes qualifying a person as a sex offender and when

the defendant was convicted in 2008, he was ordered to register. Our supreme court held this imposed a burden that added punishment "beyond that which could have been imposed when [the defendant's] crime was committed." *Id.* However, *Hevner* did not address a defendant who already had sex offender status at the time the statute changed. Therefore, *Hevner* is not inconsistent with *Tyson* or *Zerbe* and does not help Cowan. Pursuant to the decisions of our supreme court, when Cowan came to Indiana, he was a sex or violent offender because he was required to register in Michigan.

[14] The fact that Cowan is a sex or violent offender as defined by section 11-8-8-5(b)(1) in turn determines whether or not he is an SVP subject to lifetime parole. As relevant to this case, Indiana Code section 35-38-1-7.5(b)(2) states that a person who "commits a sex offense (as defined in IC 11-8-8-5.2) while having a previous unrelated conviction for a sex offense for which the person is required to register as a sex or violent offender under IC 11-8-8" is an SVP.[4] When Cowan committed sexual misconduct with a minor in Indiana in November 2007, he already had an unrelated conviction for a sex offense in Michigan for which he was required to register under chapter 11-8-8. He is therefore an SVP as defined by statute. And Indiana Code section 35-50-6-1(e), which states that when an SVP completes his or her fixed term of

---

[4] Indiana Code section 11-8-8-5.2 defines a "sex offense" as an offense listed in section 11-8-8-4.5(a). The list of crimes in section 11-8-8-4.5(a) includes sexual misconduct with a minor as a Class B felony. Ind. Code § 11-8-8-4.5(a)(8). Cowan pleaded guilty to two counts of Class B felony sexual misconduct with a minor while he was still under the obligation to register for his Michigan conviction.

imprisonment, "the person shall be placed on parole for the remainder of the person's life[,]" therefore applies.

[15] Cowan was required to register in Michigan as a sex offender when he moved to Indiana, and at that time, a person who was required to register in another jurisdiction was defined as a sex or violent offender who was required to register here. Therefore, when Cowan committed a sex offense in Indiana, he had a previous unrelated conviction for a sex offense for which he was required to register which made him an SVP subject to lifetime parole. The DOC is not unlawfully subjecting him to that requirement and the trial court did not err in dismissing his petition arguing otherwise.

# Conclusion

[16] The trial court did not err in dismissing Cowan's petition because it is apparent that the facts alleged in his pleading are incapable of supporting relief under any set of circumstances. The judgment of the trial court is affirmed.

[17] Affirmed.

Baker, J., and Najam, J., concur.